**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                         No. 00-4185

RONNIE EDWARD DAWSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Norman K. Moon, District Judge.
(CR-99-3)

Submitted: September 20, 2000

Decided: November 16, 2000

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Killis Thurman Howard, KILLIS T. HOWARD, P.C., Lynchburg,
Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Craig J. Jacobsen, Assistant United States Attorney, Roanoke, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ronnie Edward Dawson pled guilty to mail fraud, 18 U.S.C. § 1341 (1994), and was sentenced to a term of twelve months imprisonment. He appeals his sentence, arguing that the district court clearly erred in making a two-level adjustment for an offense involving a vulnerable victim, see U.S. Sentencing Guidelines Manual § 3A1.1(b)(1) (1998), and in adopting the probation officer's recommendation for a two-level enhancement for more than minimal planning. See USSG § 2F1.1(b)(2)(A). We affirm.

From October 1996 until January 1998, Dawson, an insurance agent, obtained loans from the insurance company in his customers' names against the value of their insurance policies, cash surrender values, or benefit withdrawals. Dawson forged the policy holders' signatures on the insurance company forms and had the checks mailed to one of three addresses he used. Dawson then forged his customers' endorsements and cashed the checks or deposited them into his personal account. Dawson used thirteen of his customers' policies to obtain money for himself.

We review legal questions involving sentencing de novo and factual determinations under the clearly erroneous standard. See United States v. Singh, 54 F.3d 1182, 1191 (4th Cir. 1995). First, Dawson argues that the victim of his offense was the insurance company, not the policy holders, because it was the insurance company that suffered a loss. Second, he claims that, even if the policy holders were victims, the government failed to establish that he targeted vulnerable policy holders for use in his scheme. Dawson's first argument is without merit because a victim may include a person who suffers from acts the defendant commits during or in preparation for the offense of conviction. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996) ("offense" includes offense of conviction and all relevant conduct). Dawson's customers were victimized when he forged their signatures to obtain loans and other benefits of their insurance policies for his own benefit, even though they ultimately sustained no financial loss due to the discovery of the scheme.

2

Dawson's second premise is also without merit. Of the thirteen customers named in the information as having been used by Dawson, six were later identified as elderly or disabled. The guideline provides for an adjustment if the defendant "knew or should have known that a victim of the offense was a vulnerable victim." USSG § 3A1.1(b)(1). The commentary defines "vulnerable victim" as a:

> person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct.

USSG § 3A1.1, comment. (n.2). The commentary explains that "Subsection B applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability." USSG § 3A1.1, comment. (n.2).

Before the 1995 amendment to § 3A1.1, Application Note 2 stated that the adjustment "applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant." See App. C, amend. 521. The Sentencing Commission revised the guideline and commentary because of "inconsistency in the application of § 3A1.1 regarding whether this adjustment required proof that the defendant had `targeted the victim on account of the victim's vulnerability.'" Id.; see, e.g., Singh, 54 F.3d at 1191.

However, a defendant is sentenced under the guidelines in effect on the date of his sentencing. See USSG § 1B1.11(a). When Dawson was sentenced, § 3A1.1 contained no reference to targeting a vulnerable victim. And, in any case, the district court found that Dawson targeted certain of his customers because he knew they were "least apt to know what he was doing," and that he admitted targeting one particular victim because she was old and unaware. We find that the district court did not clearly err in finding that the vulnerable victim adjustment applied because Dawson admitted that he knew at least one of the customers he victimized was unusually vulnerable due to her age.

Because Dawson did not challenge the enhancement for more than minimal planning, it is reviewed under the plain error standard. See

3

United States v. Olano, 507 U.S. 725, 731-32 (1993). "More than minimal planning" is defined in Application Note 1(f) to § 1B1.1 as "more planning than is typical for commission of the offense in a simple form," and "is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." Dawson's offense involved renting post office boxes where he could receive his ill-gotten gains, completing the forms necessary to obtain money from insurance policies held by thirteen of his customers, forging their signatures on the paperwork and on the checks he received in their names. With evidence of repeated acts before it, the district court did not plainly err in making an enhancement for more than minimal planning.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4